UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HARDY, | ) | CASE NO. 1:08CV0161 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| MAGGIE BEIGHTLER, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

On March 30, 2011, the Court issued a Memorandum Opinion and a separate Judgment Entry (Doc. Nos. 23, 24) denying the petition for writ of habeas corpus, but certifying that an appeal from the decision could be taken in good faith as to the double jeopardy claim raised in Ground One of the petition.

Petitioner has now filed a motion to alter or amend the judgment arguing that "the analysis concerning double jeopardy is flawed in connection with the actual facts in this case." (Motion, Doc. No. 25, at 1.) Petitioner asserts that he should be granted habeas relief. Respondent filed her opposition (Doc. No. 27) and petitioner filed his reply (Doc. No. 28). For the reasons set forth below, the motion is **DENIED**.

In his motion, petitioner raises two arguments: (1) that the Court's conclusion that there was no double jeopardy problem involved in his retrial on one kidnapping charge even though he had been acquitted at the first trial on the abduction charge because kidnapping requires *purposeful* removal or restraint whereas abduction requires *knowing* removal or restraint

"is a distinction without a difference" (Motion at 2); and (2) that the Court "gives too much weight to the statements by the prosecutor rather than focusing on the indictment and the instructions of the court" (Motion at 3).

As to his first argument, petitioner asserts that, because abduction is a lesser included offense of kidnapping, a person acquitted of abduction cannot be retried on and/or found guilty of kidnapping. Respondent opposes this argument by pointing out, again, that the two crimes require different mental states and also that the trial court's instruction as to kidnapping in the second trial directed that the purpose was to terrorize and/or engage in sexual activity, with no mention of the element of physical harm necessary for an abduction offense. Respondent also points out that, although abduction and kidnapping may be allied offenses of similar import under O.R.C. § 2941.25(A) if based on the *same* conduct, here there was a separation in time and circumstance between the kidnapping offense and any conduct relating to the acquitted abduction charge. As to this first argument, respondent has the better view.

In his second argument, petitioner asserts that the Court gave too much weight to statements by the prosecutor. He argues that the focus should have been on the indictment and the instructions of the trial court, which "show[ ] that there was no differentiation in defining the offenses." Petitioner seems to be arguing that, because the two kidnapping charges were identical in the first trial, since he was acquitted on one kidnapping count and on the abduction count, he could not be retried on the remaining *identical* kidnapping count because there was no way to know how the original charges were differentiated.

As already noted in this Court's Memorandum Opinion of March 30, 2011, petitioner waived any challenge to the original indictment by failing to raise it before the trial court. In addition, during the course of the first trial, the prosecuting attorney made clear which

2

facts were linked to each count of the indictment, thereby making it possible for a jury to convict on one count of kidnapping although acquitting on another identically-worded count of kidnapping and on a count of abduction. Further, on petitioner's first direct appeal, the state appellate court concluded that the prosecuting attorney had sufficiently differentiated the charges. *See*, Return of Writ, Ex. 2.

Although petitioner argues, in reliance on *Watson v. Jago*, 558 F.2d 330 (6th Cir. 1977), that the prosecution cannot "amend" an indictment in either opening statements or closing arguments, that case does not stand for such a broad proposition. In *Watson*, the indictment contained only a charge of first degree murder with deliberate and premeditated malice, but the prosecution proceeded at trial on the basis of felony-murder. Watson's counsel objected immediately after the state's attorney's opening statement and unsuccessfully moved the trial court to dismiss the indictment due to failure of notice as to the actual charge he would be tried on. *Watson* is clearly distinguishable on its facts. Whereas Watson timely objected to the insufficiency of his indictment, Hardy failed to do so and thereby waived that argument. *See*, Return of Writ, Doc. No. 6-2, Decision of State Appellate Court, 1/8/2004 ("To the extent that [Hardy] argues the indictment was defective, he waived that argument by failing to raise it before trial."). Additionally, unlike in *Watson,* both the kidnapping charges and the abduction charge were contained in the indictment against Hardy.

A more instructional case than *Watson* is that of *Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2005), where a defendant was convicted of twenty identically-worded counts of child rape and twenty identically-word counts of felonious sexual penetration, all forty of which were said to have been committed between March 1, 1995 and January 16, 1996. He was sentenced to forty consecutive life sentences. The Sixth Circuit concluded that convictions on

3

these "carbon copy" counts violated due process where "[t]he indictment, the bill of particulars, *and even the evidence at trial* failed to apprise the defendant of what occurrences formed the bases of the criminal charges he faced." *Id*. at 634 (emphasis added). The court also found a double jeopardy violation because "there was insufficient specificity in the indictment *or in the trial record* to enable [the defendant] to plead convictions or acquittals as a bar to future prosecutions." *Id*. (emphasis added). The court concluded that the defendant had really been prosecuted "for two criminal acts that occurred twenty times each, rather than for forty separate criminal acts." *Id.* at 632. Although the district court had granted the petition for writ of habeas corpus as to all forty counts, the Court of Appeals reversed regarding the first count of child rape and the first count of felonious sexual penetration, affirmed as to the remaining thirty-eight counts, and remanded to the district court to grant the writ unless Ohio would vacate the inappropriate convictions and re-sentence the defendant on only the two convictions that survived.

*Valentine* makes clear that, although carbon-copy indictments are not ideal, they are not automatically violative of the constitutional rights of a defendant so long as the defendant, either through a bill of particulars or the *trial record* itself, is apprised of the particulars against which he must defend. *Valentine*, 395 F.3d at 636 ("if prosecutors seek multiple charges against a defendant, they must link those multiple charges to multiple identifiable offenses"). "Courts cannot uphold multiple convictions when they are unable to discern the evidence that supports each individual conviction." *Id*. at 636-37.

Here, during the first trial, the prosecuting attorney made clear the particular facts and evidence that "anchored" each of the seven counts of the indictment and, under *Valentine*, *id*. at 633, that is sufficient for double jeopardy purposes. When the Ohio court of appeals remanded

4

for retrial because the trial court had answered juror questions outside the presence of the Hardy, he clearly had the diffentiation that was required for him to defend against the remaining charges. Then, during the second trial, the prosecutor once again anchored each charge to separate and distinct facts committed at different times.

The Court declines to grant petitioner's motion to alter or amend the judgment and adheres to its original Memorandum Opinion and Judgment Entry issued on March 30, 2011. Doc. No. 25 is **DENIED**.

**IT IS SO ORDERED**.

Dated: June 16, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**